# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS DIPARRA,<br>CDCR #J-95995,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BENNET; MATTHEW CATE; THOMAS HOFFMAN; MATTHEW COLE; JOE DOE; MATTHEW MATTOX; STEVE LAMIRAND; ELSA EZEQUIEL; ROBERT HERNANDEZ; ROSITAS,<br><br>　　　　　　　　　　　Defendant. | Civil No.　10cv2454 BTM (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, ASSESSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).**<br><br>**[Doc. No. 2]** |

　　　Plaintiff, an inmate currently incarcerated at the California Institution for Men located in Chino, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff seeks money damages for the alleged "wrongful" revocation of his parole. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

### I.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).

The Court finds that Plaintiff has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### II.   Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)

#### A.   Standard of Review

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

In his Complaint, Plaintiff alleges several officials from the California Department of Corrections and Rehabilitation ("CDCR"), along with several parole officials, wrongfully revoked his parole. As a result, Plaintiff was sentenced to "six months in Donovan State Prison." (Compl. at 8.) Plaintiff seeks compensatory and punitive damages for "false imprisonment." (*Id.* at 10.) However, a suit for damages under 42 U.S.C. § 1983 based on alleged constitutional violations during his parole revocation proceedings amounts to an attack on the validity of Plaintiff's parole revocation, and as such, will not be cognizable under 42 U.S.C. § 1983 unless Plaintiff is able to show that his parole revocation has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. A civil rights claim challenging the legality of a conviction or the length of confinement that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

*Heck* also held that "when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate

1 the invalidity of any outstanding criminal judgment against the plaintiff, the action should be
2 allowed to proceed." *Heck*, 512 U.S. at 487 (emphasis in original). An action that is barred by
3 *Heck* should be dismissed for failure to state a claim without prejudice to re-alleging claims for
4 damages after the underlying conviction has been invalidated. *Edwards*, 520 U.S. at 649;
5 *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

6 If Plaintiff were to succeed on his claims, he would necessarily call into question the
7 validity of his conviction and continuing incarceration. Plaintiff has not alleged that he has had
8 his parole revocation declared invalid as required by *Heck*. Therefore, his Complaint fails to
9 state a claim upon which relief may be granted, and this action is subject to dismissal without
10 prejudice.[1] *Heck*, 512 U.S. at 486-87.

11 **III.   Conclusion and Order**

12 Good cause appearing, **IT IS HEREBY ORDERED** that:

13 (1) Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

14 (2) The Secretary of California Department of Corrections and Rehabilitation, or his
15 designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing
16 fee owed in this case by collecting monthly payments from the trust account in an amount equal
17 to twenty percent (20%) of the preceding month's income credited to the account and forward
18 payments to the Clerk of the Court each time the amount in the account exceeds $10 in
19 accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY
20 IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

21 (3) The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,
22 Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,
23 Sacramento, California 95814.

24 **IT IS FURTHER ORDERED** that:

25 (4) Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim
26 upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b).

---

28 [1] The Court will not convert the present action into a habeas petition due to the implications of the abuse of the writ doctrine. *See Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997); *Trimble*, 49 F.3d at 586.

     Plaintiff has leave to file an amended complaint on or before April 1, 2011 only if he can allege that his parole sentence has been invalidated. Failure to file an amended complaint by April 1, 2011 will result in a final judgment of dismissal without prejudice in this case.

**IT IS SO ORDERED.**

DATED: March 9, 2011

_____
Honorable Barry Ted Moskowitz
United States District Judge